UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WARREN WESLEY BUDNIK,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:16-cv-05343-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

FACTUAL AND PROCEDURAL HISTORY

On September 7, 2013, plaintiff filed an application for DIB, alleging disability as of January 6, 2012. *See* Dkt. 9, Administrative Record ("AR") 12. The application was denied upon initial administrative review on March 18, 2014, and on reconsideration on September 3, 2014. *See* AR 12. A hearing was held before an administrative law judge ("ALJ") on December 22, 2015, at which plaintiff, who was unrepresented, appeared and testified, as did a vocational expert. *See id.*

In a decision dated January 4, 2016, the ALJ determined plaintiff to be not disabled. *See* AR 12-28. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 8, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481. On May 12, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on July 18, 2016. *See* Dkt. 9. The parties briefing is complete. *See* Dkts. 11, 12, 13. Thus, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred: (1) by failing to assist an unrepresented claimant in fully developing the record; (2) by failing to meet the Commissioner's burden at Step Five; (3) in evaluating plaintiff's credibility; (4) in failing to properly consider the Department of Veterans Affairs ("VA") disability decision; and (5) in failing postpone the second hearing in light of the fact that plaintiff was unrepresented. *See* Dkt. 11, p. 1.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

II.     VA Disability Rating

Plaintiff challenges the ALJ's treatment of plaintiff's 80% disability rating by the VA (the "VA disability rating"). Dkt. 11, pp. 10-12. The VA determined plaintiff 80% disabled, based in part on low back pain, attention deficit disorder ("ADD"), and degenerative joint disease of the left and right ankle. AR 149-56. The VA determination notes that plaintiff has difficulty adapting to work, near continuous panic affecting the ability to function independently, appropriately and effectively, difficulty in adapting to stressful circumstances, near-continuous depression affecting plaintiff's ability to function independently and appropriately, and difficulty adapting to a work setting. AR 151. The VA disability determination also outlines plaintiff's occupational and social impairments. AR 152.

Although a determination by the VA about whether a claimant is disabled is not binding on the SSA, an ALJ must consider that determination in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Further, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. This is because of "the marked similarity" between the two federal disability programs. *See id.* (describing similarities in the programs). However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ gave "little weight" to the VA disability determination. AR 26. The ALJ also noted that the VA "assigned the claimant a service-connected disability rating of 70% for ADD and primary insomnia" and that "[t]he claimant's overall VA service-connected disability rating is 80%." AR 26. Although the ALJ acknowledged that she "must ordinarily give great weight" to

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

a VA disability determination, *see* AR 26 (citation omitted), she observed that she is "not compelled to reach the identical result" in making a disability determination. AR 26. The ALJ discounted plaintiff's VA disability determination for two reasons. First, the ALJ determined that the VA disability determination does not "satisfy the agency's requirement of specific function-by-function work-related limitations." AR 26. Second, the ALJ determined that the VA disability determination is already incorporated into medical opinions and "does not show the claimant is more limited" than set forth in the residual functional capacity. AR 26. The ALJ also noted that a claimant rated as having a service-connected physical impairment is "not necessarily disabled" because the process is "designed to determine a service member's fitness for duty and/or whether or not he/she meets retention standards." AR 26. The ALJ determined that the VA disability rating "lacks probative value" because it "does not provide a function-by-function analysis of the claimants' abilities." AR 26. The Court finds that the ALJ did not provide persuasive, specific, or valid reasons for giving little weight to the VA disability rating.

First, the ALJ rejected the VA disability determination by reciting case law and noting that the determination does not provide for a function-by-function analysis like social security determination. AR 26. The ALJ thus determined that VA disability determinations "lack probative value" because of this lack of function-by-function analysis. However, the ALJ's determination is expressly contrary to established law. As noted above, the Ninth Circuit has specifically determined the ALJ must give great weight to VA disability determinations because of "the marked similarity" between the determinations. *McCartey*, 298 F.3d at 1076. Thus, discounting the VA disability determination because of the differences in the disability determinations is legally insufficient and fails to provide the persuasive, specific, or valid reason necessary to give little weight to the VA disability rating.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

Second, the ALJ rejected the VA disability determination because she determined that the VA disability rating was already incorporated into the medical opinions and accounted for in the RFC. AR 26. However, the Court finds that neither the RFC nor the ALJ's discussion of the medical opinion evidence expressly discuss every limitation assessed in the VA disability determination. As noted above, the VA disability determination found that plaintiff has difficulty adapting to work, near continuous panic and depression affecting his ability to function independently and appropriately, difficulty in adapting to stressful circumstances, and difficulty adapting to a work setting. *See* AR 149-52. The RFC does not incorporate all of these restrictions. *See* AR 16-17. Moreover, the ALJ did not cite to specific medical opinions that incorporate or discuss the limitations assessed by the VA disability determination. *See* AR 26. Thus, the ALJ's conclusory statement falls short of the specificity required by this Court. *See Embrey v. Bowen*, 849 F.2d 418, 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). Regardless, as discussed below, the ALJ erred in her treatment of the medical opinion evidence. Thus, none of the reasons offered by the ALJ to discount the VA disability determination are persuasive, specific, or valid, and the ALJ erred.

II.     <u>Whether the ALJ's Decision is Supported by Substantial Evidence In Light of New Evidence Submitted to the Appeals Counsel.</u>

Plaintiff was unrepresented by counsel at his hearing. *See* AR 12. After the ALJ issued his decision, plaintiff obtained counsel and submitted over 400 pages of new records to the appeals counsel. *See* AR 837-1255. Plaintiff argues that new records submitted to the appeals counsel—which Plaintiff maintains the ALJ should have obtained given that plaintiff was

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

unrepresented—undermine the ALJ's determination. *See* Dkt. 11, pp. 5-6, 9-10.

The Ninth Circuit has held "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). The Appeals Council considered the medical records submitted by plaintiff (AR 2, 4); thus, the Court must consider this evidence in determining if the ALJ's opinion is supported by substantial evidence.

The Court finds that, based on the new evidence submitted to the appeals counsel, the ALJ's decision finding plaintiff not disabled is no longer supported by substantial evidence. The over 400 pages of documents submitted by plaintiff undermine the ALJ's findings regarding the medical opinion evidence and plaintiff's credibility. For example, in discounting plaintiff's credibility, the ALJ observed that "[t]he first problem is that the claimant's allegations are not consistent with the objective evidence in the record" and noted that "[t]he record contains no evidence of treatment for the first year after the alleged onset date." AR 21. However, the newly submitted evidence demonstrates that plaintiff *was* being treated for various ailments in late 2011 and early 2012—around the alleged onset date of January 6, 2012—including depression, anxiety, insomnia, and other physical impairments. *See*, *e.g.*, AR 1018, 1021, 1024. In addition, the ALJ afforded the State agency medical consultant Dr. Guillermo Rubio's opinion great weight regarding plaintiff's physical limitations and ability to conduct work-related activities. *See* AR 23. The ALJ noted that Dr. Rubio's opinion is "consistent with the imaging studies and the results of the few physical examinations in the record." AR 23. However, Dr. Rubio did not review the additional over 400 pages of medical records, which also contain support for

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

plaintiff's physical impairments. *See, e.g.*, AR 837-1255. Thus, based upon new evidence considered by the appeals counsel, and based upon the record as a whole, the ALJ is required to revisit the entire sequential evaluation process upon remand.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record and plaintiff's credibility, and because the ALJ failed to provide sufficient reasons for rejecting the VA's disability rating decision, remand for further consideration of these issues—as well as, if

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

necessary, the issue of whether plaintiff is capable of performing her past relevant work or other jobs existing in significant numbers in the national economy[2]—is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 19 day of October, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[2] If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett,* 180 F.3d at 1098-99; 20 C.F.R. § 416.920(d), (e).