UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WARREN WESLEY BUDNIK,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:16-cv-05343-KLS

ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

This matter is before the Court on defendant's motion to alter or amend judgment under Federal Rule of Civil Procedure (FRCP) 59(e). For the reasons set forth below, the Court finds the motion should be granted in part and denied in part.

Under FRCP 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The Court "has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). It may grant a motion under FRCP 59(e) when "'necessary to correct *manifest errors of law or fact upon which the judgment is based.*'" *Id.* (emphasis in the original) (citation omitted).

In her motion, defendant argues the record demonstrates plaintiff "feigned his symptoms" and "[a]t bottom, the VA disability rating and the treatment records were tainted by plaintiff's

ORDER - 1

admitted misrepresentations about his symptoms and, as such, provide no basis for remand." Dkt. 16, pp. 1-2. Accordingly, defendant argues the Court committed manifest error by reversing and remanding the matter for reconsideration based upon the ALJ's error in evaluating plaintiff's VA disability rating. Dkt. 16, pp. 2-3. Defendant also argues the Court erred by directing the Commissioner to reconsider newly submitted evidence that the ALJ had not considered, and that was submitted after the ALJ issued his decision. Dkt. 16, pp. 3-6.

For the reasons set forth below, the Court agrees the newly submitted evidence did not constitute a valid basis for reversing and remanding this matter, and therefore defendant's motion as to this basis for reversing and remanding the ALJ's decision is GRANTED. However, the Court finds defendant has not demonstrated that the Court committed a manifest error of law in reversing and remanding the ALJ's decision on the basis of the ALJ's error in evaluating the VA disability rating. Accordingly, defendant's motion to amend as to this issue is DENIED, and this matter hereby is reversed and remanded on that basis.

    A.  The ALJ's Failure to Properly Consider the VA Disability Rating

Defendant essentially argues that the Court should not have found the ALJ committed legal error because the plaintiff lied about his symptoms. The Court declines defendant's invitation to disregard the ALJ's error of law with respect to the VA disability rating, simply because defendant believes plaintiff has admitted to lying about his symptoms. Indeed, defendant's argument is deficient for two reasons. A claimant can be disabled even if he is a malingerer, given that while malingering is a valid basis for discounting a claimant's credibility, the medical evidence in the record can still show the claimant is disabled. *See, e.g.*, *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (noting the ALJ could not reject a medical opinion after determining plaintiff's self-reports were not credible, because "when an opinion is not more

ORDER - 2

heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion").

Moreover, defendant argues that because evidence of plaintiff's alleged malingering undermined the VA disability rating, the ALJ properly rejected the VA disability rating. Dkt. 16, pp. 2-3. Defendant then outlines the evidence she believes undermines the VA disability rating. However, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196).

Here, the ALJ did not rely upon the evidence cited by defendant to discount the VA disability rating. Indeed, the ALJ made no mention of plaintiff's credibility, or lack thereof, in rejecting the VA disability rating. AR 26. Rather, as noted in the Court's order reversing and remanding this matter, the ALJ rejected the VA disability rating by (1) reciting case law and noting that that rating did not provide a function-by-function analysis; and (2) finding that the problems noted in the rating had all been translated by the medical sources in the record into specific work-related limitations and incorporated into the ALJ's RFC. Dkt. 14; AR 26. Neither of these reasons are persuasive, specific, or valid. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

First, the mere fact that the VA disability rating in this case did not assess plaintiff's functional limitations in the same manner as the Social Security Administration, ignores the

ORDER - 3

substantial similarity of the two federal programs, and the importance of giving "great weight" to the VA's disability rating even though the criteria for determining disability "are not identical." *Id.* Second, the ALJ found plaintiff had the mental RFC to understand, remember, and carry out simple instructions in a predictable setting where he works primarily with objects rather than people, and where he has no public contact or teamwork assignments. AR 17. These limitations, though, do not necessarily fully accommodate or encompass the "near-continuous panic" and "near-continuous depression" that the ALJ noted the VA found affected plaintiff's "ability to function independently, appropriately and effectively," and would cause difficulties in adapting to work and a work-like setting or to stressful circumstances. AR 26, 151. Not noted by the ALJ was the VA's determination that plaintiff also suffered from:

- Difficulty in establishing and maintaining effective work and social relationships;
- Impairment of short- and long-term memory;
- Impaired judgment;
- Forgetting to complete tasks; and
- Retention of only highly learned material.

AR 152. Accordingly, the Court finds the ALJ erred in rejecting the VA disability determination, a finding defendant has not shown to be improper, let alone manifestly so.

Finally, defendant appears to argue that the ALJ's failure to properly consider the VA disability determination was harmless error. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, the Court cannot say the ALJ's error was harmless. Had the ALJ properly considered the VA disability rating and given it proper weight, it might have resulted in the inclusion of additional limitations in the RFC or even a determination that plaintiff was disabled, in light of the significant issues stemming from plaintiff's mental

ORDER - 4

impairments noted in that rating. The Court thus finds the ALJ committed reversible error.

        *B. The New Evidence Submitted to the Appeals Council*

        In its order reversing and remanding the ALJ's decision, the Court found the more than 400 pages of new evidence submitted to the Appeals Council resulted in that decision no longer being supported by substantial evidence. Specifically, the Court found those pages demonstrated plaintiff was being treated for his various ailments, contrary to the ALJ's determination that the record showed no such treatment after plaintiff's alleged onset date of disability, which the ALJ used to discount his allegations of disability. Dkt. 14, p. 7. The Court further found those pages undermined the ALJ's determination that the opinion of Dr. Rubio, a non-examining physician, was entitled to great weight because it was "consistent with the imaging studies and the results of the few physical examinations in the record," given that Dr. Rubio did not review the additional pages of medical records, "which also contain support for plaintiff's physical impairments." Dkt. 14, pp. 7-8 (quoting AR 23 and citing AR 837-1255).

        The Court agrees with defendant, though, that the additional 400 plus pages submitted to the Appeals Council did not undermine the ALJ's decision. First, the ALJ offered other reasons for discounting plaintiff's credibility, none of which were found to be in error. Dkt. 14; AR 17-23. The ALJ's reliance on the lack of evidence of treatment in the record thus was harmless. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (noting that while the ALJ relied on an improper reason for discounting the claimant's credibility, he presented other valid, independent bases for doing so, each with "ample support in the record"); *see also Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error harmless where it is non-prejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on the part of ALJ would not have

ORDER - 5

affected the "ALJ's ultimate decision").

Nor does the Court find the additional medical evidence formed a valid basis for finding the ALJ erred in giving weight to Dr. Rubio's opinion. Although the Court mentioned that those records provided support for plaintiff's physical impairments, no specific documentation of more restrictive limitations than those assessed by Dr. Rubio were noted. Indeed, as plaintiff himself admits, the 400 plus pages of new evidence "were not submitted so much for their content as much to refute the statement of the ALJ in the decision that because there were no treatment records for a year after the alleged onset date, [he] cannot be as ill as he claims." Dkt. 19, p. 3. Thus, while as discussed above those records do call into question the ALJ's findings regarding treatment, they do not undermine the ALJ's evaluation of the Dr. Rubio's opinion.

Accordingly, for the foregoing reasons, defendant's motion to amend is GRANTED to the extent that this matter is not being reversed and remanded on the basis of the additional 400 plus pages of evidence submitted to the Appeals Council, but DENIED on the basis that the ALJ improperly rejected the VA disability rating and that the Court did not commit manifest error in so determining. Remand and reversal on this latter basis is therefore warranted, and the Court's Order reversing and remanding this matter remains in force to that effect.

DATED this 31st day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6