UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WARREN WESLEY BUDNIK,

                          Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                          Defendant.

Case No. 3:16-cv-05343-KLS

ORDER GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND
EXPENSES PURSUANT TO THE EQUAL
ACCESS TO JUSTICE ACT (EAJA), 28
U.S.C. § 2412

        This matter is before the Court on plaintiff's filing of a motion for attorney fees and

expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Dkt. 22.

Plaintiff seeks a total of $7,954.13 in attorney fees and $20.88 in expenses. Dkt. 24. The Court

finds that for the reasons set forth below plaintiff's motion should be granted.

<u>DISCUSSION</u>

        Plaintiff sought judicial review of the denial of her application for disability insurance

benefits, requesting that the ALJ's decision that she was not disabled be reversed and remanded

for an award of benefits. This Court found the ALJ erred in failing to properly consider a

disability rating decision from the Department of Veterans Affairs (VA), but concluded that

remand for further consideration of that decision rather than an outright award of benefits was

warranted. Dkt. 14, 21.

        The EAJA provides:

        Except as otherwise specifically provided by statute, a court shall award to a
        prevailing party other than the United States fees and other expenses, in

ORDER - 1

addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).[1] Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, this case was remanded for further administrative proceedings. In addition, defendant does not argue there are, nor do there appear to be, any special circumstances making an award of attorney's fees unjust. Defendant does argue, however, that the ALJ's and the Commissioner's position was substantially justified.

As noted above, to be entitled to attorney fees under the EAJA, the government's position also must not be "substantially justified." *Jean*, 496 U.S. at 158. Normally, for the government's

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.").

ORDER - 2

position to be "substantially justified," this requires an inquiry into whether the government's

conduct was "'justified in substance or in the main' – that is, justified to a degree that could

satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v.*

*Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565

(1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing *Pierce*, 487 U.S. at 565;

*see also Jean*, 496 U.S. at 158 n.6; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). As

such, this "does not mean 'justified to a high degree.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th

Cir. 1998) (quoting *Pierce*, 487 U.S. at 565). On the other hand, "the test" for substantial

justification "must be more than mere reasonableness." *Kali v. Bowen*, 854 F.2d 329, 331 (9th

Cir. 1988).

        The government has the burden of establishing substantial justification. *See Gutierrez*,

274 F.3d at 1258.  The government's position must be "*as a whole*, substantially justified." *Id.* at

1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each

stage of the proceedings.'" *Corbin*, 149 F.3d at 1052 ("Whether the claimant is ultimately found

to be disabled or not, the government's position at each [discrete] stage [in question] must be

'substantially justified.'") (citations omitted); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1078

(9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the

particular issue on which the claimant earned remand was substantially justified, not on whether

the government's ultimate disability determination was substantially justified."). Accordingly,

the government must establish that it was substantially justified both in terms of "the underlying

conduct of the ALJ" and "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d

at 1259. As the Ninth Circuit further explained:

        The plain language of the EAJA states that the "'position of the United States'
        means, in addition to the position taken by the United States in the civil

action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*; *see also Kali*, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; *Thomas v. Peterson*, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." *Sampson*, 103 F.3d at 922 (quoting *Flores*, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's position was substantially justified." *Thomas*, 841 F.2d at 335; *see also Flores*, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 332, 334; *Thomas*, 841 F.2d at 335.

Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." *Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting *Corbin*, 149 F.3d at 1053). In *Corbin*, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. *Corbin*,

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

149 F.3d at 1053. In *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in *Corbin* in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in *Corbin*, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." *Id.*

In reversing and remanding this matter, the Court found: (1) the ALJ failed to appreciate the substantial similarity between the disability insurance program and the VA benefits program by criticizing the VA rating decision for not assessing plaintiff on a function-by-function basis; and (2) the ALJ's residual functional capacity assessment did not necessarily fully accommodate or encompass the limitations the VA rating decision indicated. Dkt. 14, pp. 4-6; Dkt. 21, pp. 2-5. Defendant argues that the government's position was substantially justified because: (a) the ALJ relied on evidence the VA did not have, specifically other medical source opinions issued after the VA rating decision and the testimony of the vocational expert; and (b) plaintiff admitted to a psychologist that he had been over-endorsing his symptoms. Dkt. 23, pp. 3-4.

The Court finds no merit in defendant's argument. As explained in its Order denying defendant's motion to alter or amend the judgment, neither of these reasons were ones the ALJ actually relied on to discount the VA rating decision. Dkt. 21. A basic and fundamental rule of judicial review in Social Security cases is that the Commissioner's decision may not be upheld based on grounds the ALJ did not provide. *Molina v. Astrue* 674 F.3d 1104, 1121 (9th Cir. 2012) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *Chenery Corp., supra*, 332 U.S. at 196). Nor as the Court

further explained, does evidence of malingering necessarily result in a finding of non-disability, given that the medical evidence could still establish an inability to work.

Another basic and fundamental rule that the ALJ failed to properly apply in this case is that less weight may be given to a VA disability rating decision, only if "persuasive, specific, valid reasons for doing so that are supported by the record" are offered. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). As explained above, and in the Court's prior two orders, none of the ALJ's stated reasons for rejecting the VA's rating decision met that standard. That failure to offer persuasive, specific, and valid reasons is the type of basic and fundamental error the Ninth Circuit has found does not support a finding of substantial justification. Accordingly, neither the ALJ's rejection of that disability rating nor the Commissioner's decision to defend that rejection was substantially justified.

CONCLUSION

For all of the foregoing reasons, the Court finds that the government's position was not substantially justified, and that the amount of attorney fees requested is reasonable. Plaintiff's motion for attorney fees and expenses pursuant to the EAJA (Dkt. 22), therefore, is GRANTED. Accordingly, the Court hereby ORDERS as follows:

(1)   Plaintiff is granted attorney fees in the amount of $$7,954.13[3] and $20.88 in expenses.

(2)   Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment of this award shall be sent to plaintiff's

---

[3] This includes an additional $385.36 in attorney fees for work related to plaintiff's attorney fees motion and reply brief. *See* Dkt. 24, p. 3; *Jean*, 496 U.S. at 161-62 ("absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors  treating a case as an inclusive whole") (citing *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989) (where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")).

ORDER - 6

attorney Charles W. Talbot at his address: Talbot & Associates, P.S., 5005 Center Street, Suite E, Tacoma, Washington, 98409.

(3)    After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney, either by direct deposit or by check payable to him and mailed to his address.

DATED this 9th day of March, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7